I-IARDY, Judge.
Plaintiffs, as owners of a portion of a -plot of land located in the City of Shreve-port, instituted a possessory action against defendants as owners of the adjoining portion of the same lot. After answering -plaintiffs’ petition defendants filed a motion for summary judgment, to which plaintiffs filed an opposition and a motion for -summary judgment. After trial of defend.ants’ motion there was judgment dismissing plaintiffs’ suit, from which they have appealed.
At issue in this suit is the possession of •a strip of land twenty-six feet in width across the northern portion of plaintiffs’ property.
Plaintiffs’ petition alleged the disturbance of their possession as follows:
'“A disturbance of plaintiffs’ possession exists because of the fact that prior to the acquisition of the above described properties by plaintiffs and defendants, -the previous owners had recorded and placed of record the instruments attached hereto as Plaintiffs’ Exhibits 1 and 2. The servitude of right-of-way and passage by foot and vehicle allegedly established by said Exhibits constitutes a continuing disturbance in law to the plaintiffs’ possession.”
The record before us includes a copy of the act of conveyance by which plaintiffs acquired title to the property involved from Humble Oil & Refining Company. This instrument was attached to plaintiffs’ pleading of opposition to defendants’ motion for summary judgment in which plaintiffs asserted their motion for summary judgment. This instrument, immediately after the description of the property conveyed, contained the following recital:
“Subject to that certain servitude of right of way and passage granted by vendor to Dennis P. Clarke by act dated July 24, 1961, and recorded in Caddo Parish, Louisiana, as Instrument No. 277678, which affects the North 26 feet of the above described property.”
The above quoted recital clearly indicates plaintiffs’ knowledge of the limitation of their possession and binds them to recognition of the servitude granted by their vendor.
Under the circumstances it is clear that plaintiffs have not fulfilled the requirements for maintenance of the posses-sory action as enumerated in C.C.P. Article 3658, particularly that they had possession of the real right at the time of the disturbance and that they and their ancestors in title had such possession without interruption for more than a year prior to the disturbance.
Although the above finding in itself would support the judgment rendered, it should be noted in addition that plaintiffs appear to be attempting to repudiate that portion of their title which recognized the existence of a servitude, and, further, that the evidence discloses that the servitude had not expired by reason of non-use for the requisite period of ten years.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.